UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**OHIO TRANSMISSION LLC,**

      **Plaintiff,**

  v.                                         Civil Action 2:23-cv-2891
                                                Judge Michael H. Watson
                                                Magistrate Judge Chelsey M. Vascura

**EMILIE HILL,** *et al.***,**

      **Defendants.**

**OPINION AND ORDER**

Plaintiff, Ohio Transmission LLC ("OTC"), brings claims for breach of contract and tortious interference with contract and business relationships, as well as a request for a temporary restraining order and preliminary injunction, against Defendant Emilie Hill.[1] This matter is before the Court on Plaintiff's Motion for Expedited Discovery. (ECF No. 4.) For good cause shown, Plaintiff's Motion is **GRANTED**.

        **I.**        **BACKGROUND**

Plaintiff OTC alleges in its Motion for Temporary Restraining Order and Preliminary Injunction that Defendant Hill knowingly violated the provisions of a Confidentiality, Non-Competition and At-Will Employment Agreement (the "Non-Compete Agreement") entered into between Hill and OTC. (Mot. for TRO and Prelim. Inj. 1, ECF No. 2.) Namely, OTC alleges that Hill violated the Non-Compete Agreement when she (1) left her employment with OTC and

---

[1] Plaintiff's Complaint also names ABC Entities I–X and John Doe I–X as Defendants, but does not direct any allegations in the Complaint against these Defendants. (Compl., ECF No. 1.)

immediately began working for OTC's direct competitor, Motion Industries; (2) solicited and began working with customers of OTC that Hill serviced while she was an OTC employee; and (3) arranged similar discounts with vendors to those negotiated by OTC with the same vendors. (*Id.*) OTC brings claims against Hill for breach of contract and tortious interference with contract and business relationships and seeks a temporary restraining order and preliminary injunction to enjoin Hill, for a period of one year, from (1) working for Motion Industries, (2) working with or contacting any vendors who provide equipment or materials to OTC, and (3) contacting, soliciting, or accepting business from any past or current OTC customers located within a 100-mile radius of any of OTC's offices. (*Id.* at 1–2.)

In support of the Motion for TRO and Preliminary Injunction, OTC also filed the subject Motion for Expedited Discovery. (ECF No. 4.) Specifically, OTC seeks to serve Hill with nineteen interrogatories and six requests for production of documents directed to identifying Hill's current and previous employers since leaving OTC, any communications between Hill and OTC customers (including a specific customer identified as "Customer A" in the Complaint) or OTC vendors, and any commissions Hill received from sales to OTC customers. (*See* Proposed Disc. Reqs., ECF No. 4, PAGEID #61–70.) OTC also seeks an order compelling Hill to appear for deposition. (Mot. 1, ECF No. 4.)

## II. ANALYSIS

OTC's request for expedited discovery is well-taken.

Federal Rule of Civil Procedure 26(d) governs the timing and sequence of discovery and provides as follows:

> (1) Timing. A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order.

2

\* \* \*

(3) Sequence. Unless the parties stipulate or the court orders otherwise for the parties' and witnesses' convenience and in the interests of justice:

    (A) methods of discovery may be used in any sequence; and

    (B) discovery by one party does not require any other party to delay its discovery.

Fed. R. Civ. P. 26(d). Thus, Rule 26(d) vests the district court with discretion to order expedited discovery prior to the parties' Rule 26(f) conference. *Lemkin v. Bell's Precision Grinding*, No. 2:08-CV-789, 2009 WL 1542731, at \*1 (S.D. Ohio June 2, 2009) (citing *Qwest Communs. Int'l, Inc. v. Worldquest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003)). Courts considering motions for expedited discovery typically apply a good cause standard. *Wurth Elecs. ICS, Inc. v. Elemary*, No. 3:23-CV-82, 2023 WL 3159738, at \*1 (S.D. Ohio Apr. 18, 2023) (quoting *Lemkin*, 2009 WL 1542731, at \*2). The burden of demonstrating good cause rests with the party seeking the expedited discovery. *PUI Audio, Inc. v. Van Den Broek*, No. 3:21-CV-284, 2021 WL 5166402, at \*1 (S.D. Ohio Nov. 5, 2021); *Lemkin*, 2009 WL 1542731, at \*2 (citation omitted). The moving party may establish good cause by demonstrating that "the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Lemkin*, 2009 WL 1542731, at \*2 (quoting *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002)). In addition, the scope of the requested discovery is also relevant to a good cause determination. *Id*.

In this case, the Court concludes that good cause exists to permit OTC to conduct the limited proposed discovery related to Hill's employment and contacts with OTC vendors and customers. These facts are directly relevant to the issues underlying OTC's Motion for TRO and Preliminary Injunction and will aid the Court in resolving that Motion. Accordingly, OTC's Motion for Expedited Discovery is **GRANTED**.

### III. DISPOSITION

For the foregoing reasons, OTC's Motion for Expedited Discovery (ECF No. 4) is **GRANTED**. Hill must respond to OTC's written discovery requests, attached as Exhibit A to the Motion (ECF No. 4, PAGEID #61–70), **WITHIN SEVEN DAYS** of the date of this Order. Following service of Hill's written responses and objections and document production, Hill is **ORDERED** to appear for deposition at a time and place mutually agreeable to the parties on or before **OCTOBER 12, 2023**, with her deposition limited in duration to four hours.

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE