**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**Ohio Transmission LLC,**

      **Plaintiff,**                          **Case No. 2:23-cv-2891**

      **v.**                                  **Judge Michael H. Watson**

**Emilie Hill,**                              **Magistrate Judge Vascura**

      **Defendant.**

## OPINION AND ORDER

This case is getting out of hand.[1]  At this point, there remains no doubt that

Plaintiff would like to pursue this case in state court and has repeatedly sought

the only defendant, Emilie Hill's ("Hill"), permission to do so.  It also appears that

Hill will not consent to *venue* in an Ohio state court but also argues this Court

lacks federal subject-matter *jurisdiction*. *See* Notice Ex. A, ECF No. 24-1.  It

appeared Plaintiff would refile in state court so that the venue issue could be

hashed out *there*, but Plaintiff feels compelled to remain in federal court. *See*

Resp., ECF No. 28.

In any event, although Plaintiff's initial Complaint listed a non-diverse party

as a defendant, it failed to allege any claims against that non-diverse party; and

---

[1] Counsel is reminded of the District's local rules, which stress that a lawyer's obligation to zealously represent his or her client is "not a blanket excuse for disrespectful or obstructionist behavior."  S.D. Ohio Local R. Introductory Statement on Civility, *available at* https://www.ohsd.uscourts.gov/sites/ohsd/files//Local%20Rules%20Effective%202022-07-25.pdf.

the Amended Complaint drops entirely the non-diverse party as a named Defendant. It thus appears that there is federal diversity jurisdiction unless and until Motion Industries intervenes in a manner that destroys it. Accordingly, the Court will exercise said jurisdiction unless and until it is destroyed.

There is now pending: (1) a motion for a TRO; (2) a motion for discovery sanctions; (3) a motion to disqualify counsel; and (4) a motion to intervene. This Order addresses the motion to disqualify counsel and the motion to intervene.

Hill's motion to disqualify, ECF No. 15, is **DENIED** as Hill lacks standing to seek disqualification of Plaintiff's counsel. "[C]ourts within the Sixth Circuit find that only former clients have standing to move to disqualify counsel on the basis of a conflict of interest." *Lusk v. Lamin*, No. 2:20-CV-6064, 2022 WL 912258, at *3 (S.D. Ohio Mar. 29, 2022), *aff'd*, No. 22-3360, 2022 WL 19335679 (6th Cir. Dec. 12, 2022), *cert. denied*, 143 S. Ct. 1085, 215 L. Ed. 2d 397 (2023). Occasionally, courts deviate from this rule if the non-client can establish a substantial "personal stake" in the motion to disqualify. *Home Fed. Bank of Tennessee v. Home Fed. Bank Corp.*, No. 3:18-CV-379-JRG-DCP, 2020 WL 6038054, at *15, n. 9 (E.D. Tenn. Mar. 19, 2020), *report and recommendation adopted as modified on other grounds*, No. 3:18-CV-00379, 2020 WL 3568316 (E.D. Tenn. July 1, 2020) (citing cases). Another court has explained that that "personal stake" may exist when "the ethical breach so infects the litigation in which disqualification is sought that it impacts the moving party's interest in a just

and lawful determination of her claims." *Colyer v. Smith*, 50 F. Supp. 2d 966, 971 (C.D. Cal. 1999) (discussing cases).

Here, Hill has never been Reminger's client, only Motion Industries has. Further, Hill has not identified how any conflict of interest between Plaintiff's counsel and Motion Industries would impact *Hill's* interest in a just and lawful determination of her claims to confer standing to seek disqualification. In other words, even assuming non-clients can ever have standing to seek disqualification based on a conflict of interest with a third party, Hill has not shown the kind of "personal stake" necessary to do so here.

This Order is entered before Hill's deadline for replying to her motion to disqualify. Accordingly, the motion is **DISMISSED WITHOUT PREJUDICE**. Should Hill believe she has standing to pursue disqualification, she may refile the motion and address the standing issue explicitly.

Motion Industries' motion to intervene is based *solely* on the fact that the original Complaint listed it (although not by name) as a defendant in the case but was brought by a law firm (Reminger) that previously represented it in other matters (or with which it has a continuing attorney-client relationship, depending on who is asked). Mot. Intervene, ECF No. 18. Now that Plaintiff has filed an Amended Complaint that does not assert any claims against Motion Industries or name it as a defendant, Motion Industries is **ORDERED** to file within **SEVEN DAYS** a notice stating whether it still wishes to intervene in this case or whether it withdraws its motion. In that notice, Motion Industries shall specifically

**EXPLAIN** whether it has any substantive interest in the case apart from the purported conflict of interest or whether it wishes to intervene solely for the purpose of raising the conflict-of-interest issue.  Concomitantly, it must **ADDRESS** whether it seeks to intervene as of right or as of permission and whether it seeks to do so as a party or an interested party.  Motion Industries shall also **ARGUE** whether it is an indispensable party such that intervention will destroy jurisdiction.

Plaintiff's response to Motion Industries' notice is due **FIVE DAYS** after the notice is filed.

**IT IS SO ORDERED.**

MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT