UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Ohio Transmission LLC,

    Plaintiff,

v.

Emilie Hill,

    Defendant.

Case No. 2:23-cv-2891

Judge Michael H. Watson

Magistrate Judge Vascura

## OPINION AND ORDER

Plaintiff Ohio Transmission LLC ("OTC") moves for sanctions,[1] specifically seeking a default judgment and a preliminary injunction. Mot. Sanctions, ECF No. 13. OTC's motion is **GRANTED IN PART** and **DENIED IN PART**.

### I. BACKGROUND

Ohio Transmission LLC ("OTC") initiated this lawsuit on September 8, 2023, and moved for a temporary restraining order ("TRO") that same day. Compl., ECF No. 1; Mot. TRO, ECF No. 2. OTC moved for expedited discovery three days later, at the same time it issued a summons to Emilie Hill ("Defendant"). Mot. Expedited Discovery, ECF No. 4; Summons, ECF No. 3. At that time, the Court harbored concerns about federal jurisdiction, which have since been resolved. Suffice it to say that the Court ordered briefing on the jurisdiction issue while OTC's motion for expedited discovery was pending. Order, ECF No. 5.

By the time the magistrate judge granted OTC's motion for expedited discovery, OTC had responded to the Court's order regarding jurisdiction, Defendant had been

---

[1] Plaintiff did not move to compel prior to moving for sanctions.

served, and the Court had held an informal conference pursuant to Local Rule 65.1(a). Notice, ECF No. 6; Return of Service, ECF No. 7; Op. and Order, ECF No. 11. The Opinion and Order on discovery required Defendant to respond to OTC's written discovery requests within seven days and to appear for a deposition by October 12, 2023. Op. and Order, ECF No. 11.

After the magistrate judge granted OTC's motion for expedited discovery, OTC noticed Defendant's deposition for October 6, 2023. Notice, ECF No. 12. Two days before the deposition was to be held, OTC moved for sanctions, seeking a default judgment on the motion for a preliminary injunction,[2] attorney's fees, and any other sanctions the Court deems warranted. Mot. Sanctions, ECF No. 13.

OTC argues that Defendant's responses to the interrogatories and requests for production of documents were submitted four days late and were essentially nonresponsive because Defendant refused to respond to almost every request absent a protective order, which she failed to seek despite it being her burden to do so. Mot. 2–4, ECF No. 13.

## II.   STANDARD OF REVIEW

"If a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders." Fed. R. Civ. P. 37(b)(2)(A). Possible orders include staying proceedings until the order is obeyed, directing that certain facts be taken as true, granting default judgment, and holding the disobedient party in contempt of court. *Id.* Additionally, or instead, the Court "must order the

---

[2] The parties have reached an agreed preliminary injunction, rendering this portion of OTC's motion for sanctions moot. *See* ECF No. 38.

disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

## III.    ANALYSIS

Defendant violated the Court's discovery order; it is uncontested that Defendant's responses to written discovery did not comply with the Order's deadline. See Mot. Sanctions Ex. Oct. 3 Correspondence, ECF No. 13-4. Moreover, the responses were largely nonresponsive and instead invoked an objection despite it being Defendant's burden to obtain a protective order prior to the deadline and then submit her responses under the protective order. See Mot. Sanctions Ex. Written Discovery Responses, ECF No. 13-3; Seff v. Gen. Outdoor Advertising Co., 11 F.R.D. 598 (N.D. Ohio 1951) ("That the information is possibly confidential is not a valid objection where, as here, it clearly is relevant and material.").

Defendant opposes sanctions, arguing that her failure to timely submit written discovery was caused by her counsel's son breaking his arm on the due date. See Resp. Ex. 2, ECF No. 32-2 at PAGEID ## 366–67. Defendant offers no explanation for her failure to obtain a protective order before submitting her responses despite the fact that the Court mentioned as early as September 21, 2023, that communications between Defendant and Customer A would need to be disclosed.

The Court finds that Defendant's late submission is excusable and non-willful given defense counsel's familial medical emergency. However, Defendant's incomplete submission was inappropriate and inexcusable. It appears to be pure gamesmanship,

as evidenced by Defendant's subsequent baseless motion to disqualify counsel and stay expedited discovery, ECF No. 15.

As a sanction, Defendant is **ORDERED** to respond to the written discovery by **December 22, 2023**. Further, Plaintiff's counsel is **AWARDED** reasonable attorney's fees expended in drafting the motion for sanctions and reply thereto. Plaintiff's counsel is therefore **ORDERED** to submit time records for the time spent drafting the motion and replying thereto by **January 5, 2024**. As the parties have reached an agreed preliminary injunction, the Court finds the above sanctions sufficient to remedy any prejudice caused to Plaintiff by Defendant's untimely and inadequate response.

The Clerk shall terminate ECF No. 13 as a pending motion.

**IT IS SO ORDERED.**

_____
**MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT**